This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Elbert D. Fannin, defendant below and appellant herein, guilty of two counts of gross sexual imposition in violation of R.C. 2907.05.
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN ITS RULING THAT EVIDENCE OF THE DEFENDANT'S GOOD CHARACTER WOULD 'OPEN THE DOOR' TO ADMISSION OF UNSUBSTANTIATED PRIOR ACTS EVIDENCE BY THE STATE."
Our review of the record reveals the following facts pertinent to the instant appeal. On November 21, 1997, the Ross County Grand Jury returned an indictment charging appellant with two counts of gross sexual imposition in violation of R.C.2907.05.
On May 26, 1998, the trial court conducted an in camera
hearing to determine whether appellant, by introducing evidence of his good character, would "open the door" to evidence of alleged prior acts similar to those with which appellant stood charged. Appellant informed the court that he intended to present character witnesses who would testify that appellant is a person of good character.
The state advised appellant and the court that if appellant produced evidence of his good character, the state would introduce rebuttal evidence. The state informed appellant and the court that in rebuttal, it would produce two witnesses who would testify about alleged sexual misdeeds involving appellant.
Appellant contended that R.C. 2907.05(D) and the Rules of Evidence would prohibit the state's rebuttal evidence. The state posited that appellant, by choosing to present evidence of his good character, would open the door to rebuttal evidence that he is not a person of good character. The state asserted that its two witnesses' testimony clearly would tend to establish that appellant, by committing alleged sexual misconduct on past occasions, is not a person of good character.
The trial court concluded that appellant, by introducing evidence of his good character, would open the door to evidence of bad character. The trial court reasoned as follows:
 "[R.C. 2907.05(D)] provides that evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involved evidence of the origin of semen, pregnancy or disease, the defendant's past sexual activity with the victim or is admissible against the defendant pursuant to 2945.59 of the Revised Code and only to the extent that the court finds that the evidence is material to a fact at issue in the case and its inflammatory or prejudicial nature does not outweigh the probative value. I'd feel pretty strongly that this type of evidence was completely precluded except for in the instances listed in the statute if the words 'under this section' were not included in that statute.
 Quite frankly, what I honestly believe is the legislature was saying the state in its case in chief may not introduce such evidence unless it falls within one of these categories listed in the statute. Likewise, the defense, in its case in chief, may not use evidence of specific instances of the victim's sexual activity and other evidence listed in 2907.05(D) as part of its case in chief unless it falls within one of those specific categories enumerated. But it doesn't say — it doesn't say under no circumstances is it admissible. It simply says 'under this section.' "
In view of the trial court's ruling, appellant did not elicit opinion testimony regarding his good character.
During its case-in-chief, the state presented evidence tending to establish that appellant committed the offense of gross sexual imposition against six year old A.L. and against nine year old S.M.
A.L. testified that during the summer of 1996, she spent the night at her friend Rosie's house. Appellant lived with Rosie.[1] A.L stated that she was sitting on appellant's lap and that appellant "touched [her] in a place that [she] didn't want him to." A.L. further testified that appellant touched her on another occasion and that he rubbed his hand over her pubic area.
S.M. testified that Rosie was her friend and that she sometimes spent the night at Rosie's house. S.M. stated that one time when she was sleeping at Rosie's, appellant came over to where she was sleeping and put his hands down her pants and touched her buttocks.
In his defense, appellant testified that he did not touch the girls.
At the conclusion of the trial the jury found appellant guilty of both counts in the indictment. On August 4, 1998, the trial court sentenced appellant. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant contends that the trial court erred by ruling that if appellant presented witnesses who would testify as to appellant's good character, the state then could introduce evidence of alleged prior sexual misdeeds. In particular, appellant asserts that the trial court erred by determining that R.C. 2907.05(D) would not forbid the state from introducing evidence of alleged past sexual misconduct.
The state argues that appellant's proffered evidence of good character would put appellant's character in issue and "open the door" to rebuttal evidence. The state notes that while R.C.2907.05(D) prohibits specific instances of the defendant's sexual activity, the state contends that the R.C. 2907.05(D) prohibition does not apply when the defendant chooses to present evidence of his good character. The state asserts that allowing the defendant to present evidence of his good character, but prohibiting the prosecution from rebutting the defendant's evidence by introducing specific instances of the defendant's sexual conduct would be patently unfair. We find the state's argument persuasive.
Initially, we note that a trial court enjoys broad discretion when determining the admissibility of evidence. Accordingly, absent an abuse of discretion, a reviewing court must not reverse the trial court's decision. State v. Combs (1991),62 Ohio St.3d 278, 581 N.E.2d 1071; State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343; State v. Rooker (Apr. 15, 1993), Pike App. No. 483, unreported. An abuse of discretion implies more than an error of law or of judgment. Rather, an abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715; State v. Montgomery
(1991), 61 Ohio St.3d 410, 575 N.E.2d 167. Moreover, when applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. In re Jane Doe (1991), 57 Ohio St.3d 135,566 N.E.2d 1181 (citing Berk v. Matthews (1990), 53 Ohio St.3d 161,359 N.E.2d 1301).
In the case at bar, we do not believe that the trial court abused its discretion by determining that by introducing evidence of his good character, appellant would "open the door" to evidence of alleged prior sexual misconduct. Evid.R. 404(A) generally prohibits evidence of a person's character to prove "that he acted in conformity therewith on a particular occasion." The general rule of inadmissibility is, however, subject to certain exceptions. Evid.R. 404(A)(1) contains one of the exceptions. The rule provides:
 Evidence of a pertinent trait of [the accused's] character offered by an accused, or by the prosecution to rebut the same is admissible; however in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
Thus, Evid.R. 404(A)(1) permits a criminal defendant to choose to "offer evidence of his good character as proof that he did not commit the act charged because such conduct is not in accord with his character." Evid.R. 404, Staff Notes. "If the accused offers evidence of his good character," however, "the prosecution [may] offer evidence of the bad character of the accused." Id.
In cases involving certain sex offenses, Evid.R. 404(A)(1) provides that the exceptions provided by statute apply. "The purpose of including the provision * * * is to assure that the rule does not supersede those statutes. R.C. 2907.02(D), rape, and R.C. 2907.05(D), gross sexual imposition, limit evidence of the accused's character trait for promiscuity to specified narrow issues." Id.
We note that in cases involving rape and gross sexual imposition,
 "[t]he admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crimes charged in the indictment."
State v. Cotton (1996), 113 Ohio App.3d 125, 131,680 N.E.2d 657, 661.
In a case involving gross sexual imposition, R.C. 2907.05(D) limits the type of evidence that is admissible. The statute provides:
 Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
Thus, pursuant to the statute, when evidence of the defendant's sexual activity does not concern the origin of semen, pregnancy, disease, or the defendant's past sexual activity with the victim, the evidence relating to the defendant's sexual activity is admissible only if R.C. 2945.59 permits introduction of the evidence, and, then, only to the extent that its inflammatory nature does not outweigh its probative value.
R.C. 2945.59 permits introduction of a defendant's sexual activity under the following circumstances:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with, or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Thus, Evid.R. 404(A)(1) and R.C. 2907.05(D) forbid evidence of a defendant's sexual activity to avoid the inference that the defendant acted in conformity with that conduct. When a defendant injects the issue of his character into evidence, however, "he effectively waive[s] the [R.C. 2907.05(D)] limitation regarding specific instances of sexual activity."State v. Banks (1991), 71 Ohio App.3d 214, 220, 593 N.E.2d 346,349. Consequently, by presenting evidence of his good character, a criminal defendant may "open the door" to rebuttal evidence that he does not possess a good moral character, including evidence that he previously has committed prior acts of sexual misconduct. See State v. Chojnacki (Dec. 30, 1994), Medina App. No. 2326-M, unreported; State v. Seymour (Nov. 23, 1994), Montgomery App. No. 14324, unreported; State v.Gauntt (Sept. 30, 1993), Cuyahoga App. No. 63792, unreported.
In Banks, the state charged the defendant with rape and gross sexual imposition. The defendant testified that he had never had sexual contact with any child under the age of eighteen. On cross-examination, the defendant denied having any sexual contact with two children who subsequently testified as rebuttal witnesses. The defendant also called a witness who testified that she had never noticed any perversity about the defendant and that she did not know him to engage in sexual misconduct. The state called two children as rebuttal witnesses who testified that the defendant had sexual contact with them.
The defendant argued that R.C. 2907.05(D) and Evid.R. 404(B) prohibited the children's testimony. While the court agreed that the evidence was not offered for any of the reasons enumerated in the statute, the court concluded that the evidence was nevertheless admissible because the defendant, during his case-in-chief, "opened the door" to the issue of his past sexual activity.
In the case at bar, appellant sought to produce witnesses, during his case-in-chief, who would testify as to appellant's good moral character. We agree with the Banks court conclusion that if a defendant charged with gross sexual imposition presents evidence of his good character, i.e., evidence that he does not possess the propensity to commit the crime, the state may present evidence to rebut the defendant's character evidence. Consequently, we find no abuse of discretion with the trial court's decision that appellant's proffered evidence would "open the door" to evidence of specific instances of past sexual activity. We further agree with the trial court that R.C. 2907.05(D) would prohibit the prosecution from using this evidence in its case-in-chief. It is a much different matter, however, when a defendant introduces evidence of his good character in his case-in-chief. In that event, the prosecution may present appropriate rebuttal evidence.
Additionally, we recognize that the facts in Banks,Chojnacki, Seymour, and Gauntt are not identical to the facts in the case sub judice. In Banks, the defendant, during his case-in-chief, relied on the absence of prior acts of sexual misconduct as a defense. In Chojnacki, the defendant, during his case-in-chief, denied that he ever engaged in sexual misconduct with anyone. In Seymour, the defendant, during his case-in-chief, testified that he had never forced sex on anyone. In Gauntt, the defendant, during cross-examination in his case-in-chief, raised the issue of the defendant's past sexual conduct. In each of these cases, the court permitted the prosecution to introduce rebuttal evidence specifically challenging and contradicting the defendants' evidence. In the instant case, appellant sought to introduce evidence of his "good character," apparently without addressing the specific nature of the acts or events for which he was charged. Obviously, appellant's purpose in seeking to introduce character evidence was to establish that he is not the type of person who would commit the offenses at issue. Under the facts in the instant case, we believe that the prosecution could properly rebut appellant's character evidence with contradictory evidence pertinent to the crimes at issue. In the case at bar, the prosecution's rebuttal evidence involved past sexual misconduct of a nature similar to the charged offenses.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellant is Rosie's step-father.