OPINION
This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Jefferson County Common Pleas Court, finding defendant-appellant, Clyde Creamer, guilty on one count of gross sexual imposition, in violation of R. C. 2907.05 (A) (4) and one count of rape of a person less than thirteen years of age, in violation of R.C. 2907.02 (A) (1) (b).
Appellant began dating his ex-wife, Judy, in 1982. They were married on July 22, 1985. Shortly after the marriage, Judy Creamer received custody of her daughter from a previous relationship, five-year-old Billie Jo Freeman ("the victim"). Appellant, Judy Creamer and the victim resided in Jefferson County, Ohio from early 1986 until appellant left the residence in early 1990. At the time of appellant's trial, the victim was sixteen years of age.
On October 29, 1995, the Steubenville Police Department was contacted by the victim regarding an incident which had occurred between her and her mother. The victim stated that she was struck by Judy Creamer as a result of becoming an aggravation to her. A police officer from the Steubenville Police Department arrived at the victim's home and spoke with her for an extended period, during which time it became clear that the victim needed to discuss a matter with her mother which was bothering her. Later the same evening, the victim admitted to her mother that between the years of 1986 and 1990, appellant had sexual contacts with her. A police officer from the Steubenville Police Department was subsequently recalled to the victim's home and these incidents were reported.
On January 24, 1996, appellant was arrested. On November 7, 1996, appellant was indicted by the Jefferson County Grand Jury on two counts, including one count of rape of a person less than thirteen years of age and one count of gross sexual imposition. Appellant pled not guilty to both charges against him.
This matter proceeded to jury trial on April 24, 1997. The jury ultimately found appellant guilty of rape and gross sexual imposition and the trial court subsequently rendered judgment on such verdict. Appellant was sentenced to an indefinite incarceration term of not less than ten years nor more than twenty-five years for rape and, a definite incarceration term of two years for gross sexual imposition. Said sentences were to be served consecutively. This appeal followed.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED BY ACCEPTING A VERDICT OF GUILTY ON BOTH COUNTS OF THE INDICTMENT WHEN SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In State v. Thompkins (1997), 78 Ohio St.3d 380, 387, the Ohio Supreme Court discussed the issue of manifest weight of the evidence, stating:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. * * * (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')."
Furthermore, it is the obligation of the trier-of-fact to evaluate the credibility of the witnesses and determine the weight to be afforded the evidence. State v. DeHass (1967),10 Ohio St.2d 230. It is fundamental that the weight to be given to the evidence and the credibility of witnesses are primarily for the trier-of-fact as it is the minds of the jurors, rather than a reviewing court, which must be convinced. State v. Thomas
(1982), 70 Ohio St.2d 79.
Upon a thorough review of the record, it is evident that plaintiff-appellee, State of Ohio, presented several witnesses, including the victim, who stated that appellant sexually abused her for many years. In fact, there was testimony given by William Herkler, who indicated that appellant himself admitted to having sexual relations with the victim. (Tr. 194). Testimony was also offered by Susan Akens, a neighbor and friend of appellant's sister, who stated that when she asked appellant if he committed the acts for which he was charged, appellant responded that he did not know because he had been on drugs at the time. Ms. Akens further testified that appellant admitted that he and the victim slept together all the time, and on one specific occasion, he remembered waking up with his hand between the victim's shorts and underwear. (Tr. 89, 91-92).
The jury further had the opportunity to hear the testimony of Judy Creamer, the mother of the victim, who testified that she initially learned of appellant's behavior on October 29, 1995. Mrs. Creamer explained that the victim would not leave her alone so she hit her, causing the victim to call the Steubenville Police Department. After the police officer from the Steubenville Police Department left their home, the victim admitted to her mother that appellant had been molesting her. Mrs. Creamer testified that when she telephoned appellant to confront him about the molestation, he never denied same to her. (Tr. 106).
Mrs. Creamer further recalled one occasion when she entered the living room of their residence and saw appellant lying on the couch behind the victim with his hand on her stomach. Upon Mrs. Creamer entering the room, both appellant and the victim jumped up from their lying positions. (Tr. 108). Mrs. Creamer asked what was going on, however, appellant did not respond and thereafter left the residence. Ms. Creamer testified that when she asked the victim whether appellant had done something to her, the victim responded in the negative. (Tr. 109).
Conversely, the victim testified on direct examination that appellant's hands were down her skirt and when she was asked by her mother whether appellant had done something to her, she responded affirmatively, resulting in appellant's banishment from the residence. (Tr. 131). The victim also testified that on two separate occasions, appellant performed oral sex on her, and on the second occasion, attempted to insert his penis into her vagina. (Tr. 132-134).
With regards to the incident which occurred on the living room couch, appellant testified that he was lying on the couch watching a race when the victim told him that her stomach hurt and that nothing her mother suggested would make it feel better. Appellant stated that the victim asked him to rub her stomach. (Tr. 165-166). Appellant further testified that while he was rubbing the victim's stomach, he saw someone peeking around the corner at him and it startled him, causing him to jump. Appellant stated that he realized it was Mrs. Creamer, who then yelled at him and threatened to have her brothers kill him. Appellant claimed it was at this point that he left the residence in fear of his life. (Tr. 166).
The court in State v. Banks (1991), 71 Ohio App.3d 214, 220, citing to State v. Gingell (1982), 7 Ohio App.3d 364, 365 andState v. Eley (1978), 56 Ohio St.2d 169, stated:
 "`[T]here exists no requirement, statutory or otherwise, that a rape victim's testimony be corroborated as a condition precedent to conviction.' * * * Moreover, upon review of the record, we conclude that the testimony of the victim was substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that defendant had engaged in sexual conduct with a person less than thirteen years of age. Under these circumstances, we will not reverse the verdict as being against the manifest weight of the evidence."
The within case is analogous to Banks in that the testimony presented by the victim constituted substantial evidence upon which the jury could reasonably conclude, beyond a reasonable doubt, that appellant engaged in sexual conduct with the victim, who was less than thirteen years of age. Furthermore, it was within the purview of the jury to believe the testimony of one witness more than another. DeHass, supra.
It is clear from the record that there was extensive direct and circumstantial evidence presented to the jury from which it could unanimously find appellant guilty beyond a reasonable doubt. Therefore, the jury clearly did not lose its way and we will not reverse the verdict as being against the manifest weight of the evidence.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE PERFORMANCE OF DEFENDANT'S TRIAL COUNSEL DENIED HIM THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS."
The benchmark for judging a claim of ineffective assistance of counsel is whether defense counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result.Strickland v. Washington (1984), 466 U.S. 668. To prevail on an ineffective assistance of counsel claim, an appellant must show that defense counsel's representations fell below an objective standard of reasonableness and that there was a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different, when considering the totality of the evidence that was before the trial court. Strickland, supra.
Furthermore, there is a presumption of effective assistance of counsel. State v. Bradley (1989), 42 Ohio St.3d 136. A reviewing court cannot use, the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland,supra.
In the case at bar, appellant simply submits that defense counsel was obviously unprepared for trial because said counsel impeached appellant by calling his probation officer to testify, failed to point out the inconsistent statements made by both the victim and Judy Creamer, and called a witness to testify who did not help disprove any allegations against appellant. Appellant also contends that defense counsel should not have mentioned, in his opening statement to the jury, that the victim got into bed with him on occasion while he was asleep. Appellant further claims that he was confused about the proceedings on February 24, 1997, and about the potential sentence which could be imposed against him.
Appellant's second assignment of error lacks merit for two reasons. First, appellant has failed to meet the burden incumbent upon him as he has not demonstrated there existed a reasonable probability that but for ineffective assistance of counsel, the results at trial would have been different. Bradley, supra.
Therefore, appellant has not established that he suffered any prejudice as a result of defense counsel's actions. In Bradley, at 143, the Ohio Supreme Court held, in relevant part:
 "`* * * there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.'" (Citing Strickland, supra at 697).
Second, appellant's claim of ineffective assistance of counsel does not establish that defense counsel's representation fell below an objective standard of reasonableness or that said counsel's actions constituted anything other than trial strategy.
Appellant refers to the February 24, 1997 hearing transcript in claiming that defense counsel only made one telephone call in preparation for appellant's defense. However, the hearing in question was scheduled so that appellant could enter a change of plea and the terms of appellant's plea agreement could be presented to the trial court. Contrary to appellant's assertion that he was confused, the record reveals that a significant portion of the subject hearing was dedicated to both defense counsel and the trial court explaining the proceedings and potential sentence to appellant. (February 24, 1997 Hearing Tr. 13-21). Appellant then elected not to enter a plea in this matter and chose instead to proceed to jury trial, which commenced two months later on April 24, 1997. Moreover, the trial court made an inquiry into defense counsel's effectiveness upon appellant's complaint and implicitly found that defense counsel had performed adequately to that point in the proceedings. (February 24, 1997 Hearing Tr. 7-8).
Considering the totality of defense counsel's representation, it cannot be said that counsel was ineffective nor, that appellant was prejudiced by defense counsel's representation.Strickland, supra.
Appellant presents two additional issues which he requests that this court consider in supplement to his appellate brief, as follows:
 "I believe that the court errored (sic) when it alloud (sic) hearsay statement by Judy Creamer TRANS PAGE 105 — LINES 1 to 6. When this statement (sic) was made there was no way that the jury could separate the statement as purpose by the court.
 "I believe that the court errored (sic) when it did not aloud (sic) Mr. McKenna to use the Transcirp (sic) from prelinary (sic) hearing. * * *"
Hearsay constitutes a statement made by someone other than the person testifying, which is offered into evidence to prove the truth of the matter asserted. Evid.R. 801 (C). As such, if a statement is not offered to prove the truth of the matter asserted, then it does not constitute hearsay. The specific instance which appellant claims to have been hearsay was not, in fact, offered to prove the truth of the matter asserted. In fact, the trial court addressed the jurors regarding this particular issue and explained:
 "Ladies and Gentlemen, I'm going to let the witness answer as to why she called the police and if it's based upon something that was told her by her daughter, you're not to consider what she was told by her daughter as the truth but you're to accept the testimony as the reason why she called the police." (Tr. 105).
Clearly, as the trial court offered, the out-of-court statement was not meant to prove the truth of the matter asserted and therefore, did not constitute hearsay within the meaning of Evid. R. 801 (C).
Additionally, appellant's second supplemental issue is not well taken as the trial court properly excluded the use of the transcript in question. The trial court specifically stated to defense counsel, out of the hearing of the jury:
 "I don't want you reading from that unless she gives a different answer than what you asked her." (Tr. 111).
The trial court further explained to defense counsel, in pertinent part:
 "* * * If her answer differs from what she said, then you can go ahead and — and use that with respect to impeachment but you can't read from that and ask her if she recalls being asked certain questions and giving certain answers * * *" (Tr. 112).
The trial court was clearly within its sound discretion and was following evidentiary rules by allowing specific reference to prior testimony only if the witness' current testimony differed from such prior testimony.
Appellant's second assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio. J., concurs.
Vukovich, J. concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE