[Cite as *State v. Solis-Garcia*, 2018-Ohio-1496.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2017 AP 0010 |
| MIGUEL SOLIS-GARCIA | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                             County Court of Common Pleas, Case No.
                             2016 CR 09 0236

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 18, 2018

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MICHAEL ERNEST                        JOSE IBORRA
Assistant Prosecuting Attorney        2859 Aaronwood Avenue NE
125 East High Avenue                  Massillon, OH 44646
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Defendant-appellant Miguel Solis-Garcia ["Solis-Garcia"] appeals his conviction and sentence after a jury trial in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2} In June 2016, Mr. Solis-Garcia, his girlfriend S.E. and their children resided with Solis-Garcia's sister. S.E.'s sister, G.H., often spent the night with the couple and their children. On June 18, 2016, G.H. wished to spend the night with her sister, S.E. S.E. told G.H. she was unable to because there were already too many children in the house. G.H. persisted in asking, and eventually, S.E. and Solis-Garcia relented and let G.H. stay the night.

{¶3} Solis-Garcia spent the evening drinking. All told, he claims he consumed roughly 18-20 beers over the course of several hours. According to G.H., at some point in the evening, Solis-Garcia came into the bedroom she was sharing with her sister and her sister's children. Solis-Garcia woke G.H. and asked her to go to Speedway with him. On the walk from Speedway, Mr. Solis-Garcia took G.H. into a garage where he proceeded to have sex with G.H. G.H. then went back into the house where they were staying and went back to sleep.

{¶4} The next morning, her mother questioned her about a mark on her neck. G.H. told her mother what happened with Solis-Garcia, and her mother contacted the New Philadelphia Police Department. After speaking with the police, G.H. was examined at Akron Children's Hospital.

{¶5}   Michelle Matozel testified that she is a forensic scientist in the DNA section at Ohio Attorney General's Office, Bureau of Criminal Investigations ["BCI"]. Ms. Matozel testified that she was provided with known DNA samples from Solis-Garcia and G.H. Ms. Matozel testified that based upon her findings of the vaginal swabs from G.H., she found that there was a mixture from the known sample from G.H. to include Solis-Garcia. Ms. Matozel testified that Solis-Garcia would be one in eighty billion individuals that would have the same DNA profile that was found in the victim's vaginal sample. Ms. Matozel stated that she performed a similar analysis on the perianal swabs and in those, she found that the victim was included as an expected contributor.

{¶6}   Dr. Natasha Collia testified that she works as a physician at Akron Children's Hospital's Emergency Room. Dr. Collia testified that she saw G.H. in June of 2016 after it was alleged that she was the victim of a sexual assault. Dr. Collia testified that in conducting the general exam of G.H. she examined both the vaginal and the exterior rectal area. Dr. Collia stated that there was no evidence of bruising or major injuries; however, Dr. Collia stated that it is not uncommon in sexual assault cases to find that there is no outward signs of such and assault.

{¶7}   Detective Shawn Nelson of the City of New Philadelphia's Police Department testified that he was contacted about investigating an alleged sexual assault on. G.H. on June 18, 2016. Detective Nelson indicated that he spoke with G.H. on June 18, 2016, and G.H. conveyed to him the events that had taken place the night before with the Solis-Garcia. Detective Nelson then attempted to contact Solis-Garcia; however, he found that Solis-Garcia was no longer in the area. Detective Nelson discovered that Solis-Garcia had left and that he had gone to Pocahontas, Arkansas.

{¶8} Detective Nelson testified that through the assistance of law enforcement officers in Pocahontas, Arkansas, Solis-Garcia was arrested and brought back to Ohio. Detective Nelson testified Solis-Garcia submitted a DNA sample that matched with the DNA retrieved from the rape kit. Solis-Garcia denied having any sexual contact with G.H.

{¶9} Solis-Garcia testified and acknowledged that his DNA was found on G.H. Solis-Garcia testified he simply could not remember having had sexual intercourse with G.H. Solis-Garcia testified he cannot say for sure that he did not have sex with G.H, but does not think he did.

{¶10} Solis-Garcia was convicted after a jury trial of one count of Rape pursuant to Revised Code 2907.02(A)(1)(b), a felony of the first degree. Solis-Garcia was sentenced to term of life imprisonment on March 16, 2017.

*Assignment of Error*

{¶11} Solis-Garcia raises one assignment of error:

{¶12} "I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

*Law and analysis.*

**STANDARD OF APPELLATE REVIEW.**

*A. Sufficiency of the Evidence.*

{¶13} The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570

U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016). The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court. *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶14} When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Walker,* at ¶30. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* Oh. Sup. Ct. No. 2016-1255, 2018-Ohio-22, 2018 WL 328882 (Jan. 4, 2018), ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

ISSUE FOR APPEAL

Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, "if believed, would convince the average mind of the defendant's guilt on each element of the crimes beyond a reasonable doubt."

{¶15} Solis-Garcia was convicted of rape of a person who is less than thirteen years old. R.C. 2907.02 provides,

(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

\* \* \*

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶16} "Sexual conduct" is defined to include "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

{¶17} In the case at bar, G.H. testified that Solis-Garcia woke her up and she walked with him to the Speedway store. On the way back home, Solis-Garcia took her into the garage and spread a blanket on the floor. Solis-Garcia ordered her to disrobe and he had vaginal intercourse with G.H. G.H. testified to her date of birth as did her

mother. (1T. at 120; 127). Solis-Garcia did not dispute that G.H. was 12 years old on the date alleged. (2T. at 208).

**{¶18}** "Corroboration of victim testimony in rape cases is not required. See *State v. Sklenar* (1991), 71 Ohio App.3d 444, 447, 594 N.E.2d 88; *State v. Banks* (1991), 71 Ohio App.3d 214, 220, 593 N.E.2d 346; *State v. Lewis* (1990), 70 Ohio App.3d 624, 638, 591 N.E.2d 854; *State v. Gingell* (1982), 7 Ohio App.3d 364, 365, 7 OBR 464, 455 N.E.2d 1066." *State v. Johnson,* 112 Ohio St .3d 210, 217, 2006-Ohio-6404 at ¶ 53, 858 N.E.2d 1144, 1158.

**{¶19}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of Rape of a person less than thirteen years of age. We hold, therefore, that the state met its burden of production regarding each element of the crime of Rape of a person less than thirteen years of age and, accordingly, there was sufficient evidence to support Solis-Garcia's conviction.

*B). Manifest weight of the evidence.*

**{¶20}** As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

"[I]n determining whether the judgment below is manifestly against

the weight of the evidence, every reasonable intendment and every

reasonable presumption must be made in favor of the judgment and the

finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the

reviewing court is bound to give it that interpretation which is consistent with

the verdict and judgment, most favorable to sustaining the verdict and

judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.

3, *quoting 5 Ohio Jurisprudence 3d, Appellate Review*, Section 60, at 191–192 (1978).

{¶21}  The reviewing court must bear in mind, however, that credibility generally is

an issue for the trier of fact to resolve.  *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d

904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31.

Because the trier of fact sees and hears the witnesses and is particularly competent to

decide whether, and to what extent, to credit the testimony of particular witnesses, the

appellate court must afford substantial deference to its determinations of credibility.

*Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20.  In

other words, "[w]hen there exist two fairly reasonable views of the evidence or two

conflicting versions of events, neither of which is unbelievable, it is not our province to

choose which one we believe."  *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–

Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th

Dist. 1999).  Thus, an appellate court will leave the issues of weight and credibility of the

evidence to the fact finder, as long as a rational basis exists in the record for its decision.

*State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

**{¶22}** Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

ISSUE FOR APPEAL.

 Whether the jury court clearly lost their way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.

**{¶23}** The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574

N.E.2d 492 (1991), paragraph one of the syllabus*, superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997).*

**{¶24}** In the case at bar, the jury heard the witnesses, viewed the evidence and heard Solis-Garcia's attorney's arguments and explanations about Solis-Garcia, G.H., the investigating officers' actions and the medical evidence. The jury was able to see for themselves G.H. and Solis-Garcia subject to cross-examination. Thus, a rational basis exists in the record for the jury's decision.

**{¶25}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Solis-Garcia of rape of a person less than thirteen years of age.

**{¶26}** Based upon the foregoing and the entire record in this matter we find Solis-Garcia's conviction of rape of a person less than thirteen years of age is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided that matter. The jury heard the witnesses, evaluated the evidence, and was convinced of Solis-Garcia guilt of rape of a person less than thirteen years of age.

**{¶27}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of Solis-Garcia of rape of a person less than thirteen years of age for which Solis-Garcia was convicted.

*C). Conclusion.*

{¶28} Solis-Garcia's sole assignment of error is overruled. The decision of the Tuscarawas County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur