THE STATE OF OHIO, APPELLEE, *v.* KINNEY, APPELLANT.

(Nos. C-860242 and -860292—Decided March 4, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *James E. Butler,* for appellee.

*Daniel J. Breyer,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant Kevin Kinney was indicted for rape of a child under the age of thirteen, in violation of R.C. 2907.02. Following a trial before a jury, appellant was found guilty and was sentenced as appears of record. From that judgment and sentence, appellant brings this timely appeal, presenting four assignments of error.

In September 1985, Danci Jordan was living with her mother, Noel Jordan, on Lincoln Avenue in Cincinnati. Danci, who was then nine years old, suffers from mental retardation. At approximately 11:00 a.m. on September 29, 1985, Noel Jordan sent Danci to a nearby convenience store; Danci returned shortly after 1:00 p.m. Danci told her mother approximately a week later that during her trip to the store, appellant, with whom Danci was acquainted, had "touched her." Noel Jordan then reported the incident to the police. Following an interview of Danci by a police officer, appellant was arrested and charged with rape.

Danci, who had reached the age of ten years by the time of trial, testified that on the day she went to the store, appellant took her to a nearby vacant apartment and engaged in vaginal intercourse with her. The two doctors who examined Danci disagreed as to whether her hymenal ring was intact. Appellant's defense was an alibi. He testified that during the hours in question on September 29, he was at home with his common-law wife and that they were preparing to give a dinner party that evening.

In his first assignment of error, appellant asserts that the trial court committed plain error in allowing Danci to testify, arguing that she was incompetent as a witness. The assignment of error is well-taken.

Under Ohio law, every person is competent to be a witness except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.[1] R.C. 2317.01;

---

[1] As noted above, Danci Jordan was beyond ten years of age at the time of the trial. We have recently held that the evidentiary exclusion regarding witnesses under ten years of age applies only to the time of their testimony. *State* v. *Dowers* (Dec. 24, 1986), Hamilton App. No. C-860135, unreported. Accordingly, we shall address the evidentiary exclusion only as it pertains to those of unsound mind.

Evid. R. 601(A).[2] The term "of unsound mind" includes all forms of mental retardation. R.C. 1.02(C). In *State v. Wildman* (1945), 145 Ohio St. 379, 31 O.O. 5, 61 N.E. 2d 790, the Ohio Supreme Court held that a person of unsound mind is not absolutely incompetent as a witness; the competence of such a person to testify must be determined by the court.[3] *Id.* at 386-387, 31 O.O. at 8, 61 N.E. 2d at 793-794.

The first witness to testify in the present case was Noel Jordan, Danci's mother. Ms. Jordan stated that Danci was mentally retarded, that her mental age level was four or five years old, that her I.Q. was lower than 58, and that she would sometimes make things up as a way of reaching out for help. The next witness at trial was the police officer who interviewed Danci. The officer testified that she knew Danci was mentally retarded, and that Danci confused the incident in question with a separate incident involving appellant. The prosecutor next called Danci to the witness stand, without objection by defense counsel.

Based upon the testimony summarized above, we find that Danci's competence as a witness was clearly called into question by the time she was called to testify. Under the circumstances of this case, we conclude that in order to fulfill its obligation to determine the competence of a witness of unsound mind, see *Wildman, supra,* the trial court should have inquired into Danci's capacity to receive just impressions of the facts and to relate them truly, and that the failure to do so was error.

In the absence of any objection by defense counsel, we must further determine whether this error was so obvious and prejudicial as to amount to plain error. During the entire direct and cross-examination of Danci, no questions were asked as to her ability to appreciate the importance of veracity. Furthermore, in addition to the testimony set forth above regarding Danci's confusion and her tendency to "make things up," her testimony contains several instances of inconsistent answers to the same question.

We are compelled to conclude that under these circumstances, the failure to determine Danci's competence as a witness was plain error that substantially prejudiced appellant's right to a fair trial. See *State v. Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144; *State v. Craft* (1977), 52 Ohio App. 2d 1, 6 O.O. 3d 1, 367 N.E. 2d 1221. The first assignment of error is sustained.

Appellant alleges in the second assignment of error that the trial court committed plain error by instructing the jury in response to a question that they need only find that the crime occurred "on or about" the date alleged in the indictment. We agree.

The record reveals that the trial court originally instructed the jury that:

"Before you can find the defendant guilty you must find beyond a reasonable doubt that *on* the 29th day of September 1985 * * * the defendant engaged in sexual conduct * * * with Danci Jordan * * *." (Emphasis added.)

After deliberating for approximately an hour and a half, the jury returned with this question:

"Is the date of the alleged offense

---

[2] Evid. R. 601(A) and R.C. 2317.01 are construed as being identical despite a slight difference in punctuation. Staff Note to Evid. R. 601(A).

[3] The court in *Wildman* was considering G.C. 11493, which is identical to R.C. 2317.01.

part of the charge [;] is it important that the rape occurred 9/29/85?"

The trial court responded as follows:

"In answer to your specific question it must have occurred *on or about* September 29th, 1985." (Emphasis added.)

Defense counsel raised no objection to this response.

Ordinarily, precise times and dates are not essential elements of offenses. *Tesca* v. *State* (1923), 108 Ohio St. 287, 140 N.E. 629. For example, this court has held that with regard to the specificity of an indictment or bill of particulars, an averment of the precise date of an offense need not be included, since such temporal information is generally irrelevant to preparing a defense. *State* v. *Gingell* (1982), 7 Ohio App. 3d 364, 367, 7 OBR 464, 467-468, 455 N.E. 2d 1066, 1070-1071. However, we also stated in *Gingell* that such inexactitude would prove fatal to a prosecution where the absence of specifics truly prejudices the accused's ability fairly to defend himself. *Id.* at 368, 7 OBR at 468, 455 N.E. 2d at 1071; see, also, *State* v. *Sellards* (1985), 17 Ohio St. 3d 169, 17 OBR 410, 478 N.E. 2d 781.

In this case, the only charge that the state intended to prove was that appellant raped Danci Jordan on September 29, 1985, although two state witnesses mentioned another incident during the course of their testimony. Appellant prepared and presented his alibi defense in response to the specific charge of rape on that date. The trial court originally instructed the jury that it must find that the crime occurred "on" September 29, and the jury's question revealed its concern about the date.

We conclude that the trial court erred by changing its instruction, after the entire prosecution and defense had focused on one date, to allow the jury to find that the offense occurred "on or about" that date. Upon the state of the record *sub judice,* we are required to determine whether such error rose to the level of plain error. In making that decision, we are guided by *State* v. *Adams, supra,* especially paragraph three of the syllabus, wherein it is mandated that where an erroneous instruction has been given, a reviewing court must determine from the record whether such instruction may have resulted in a manifest miscarriage of justice.

We find that the trial court's erroneous instruction did amount to plain error when tested by the standards established in *State* v. *Adams* and *State* v. *Craft, supra.* Resultantly, we find the second assignment of error to be well-taken.

The third assignment of error states that the trial court erred in allowing the prosecutor to make improper and prejudicial remarks during closing argument. We find no merit in this assignment.

Appellant specifies five allegedly improper remarks. However, the record reveals that defense counsel did not object to any of these remarks; thus, any error is reversible only if it amounts to plain error.

We find that all of the challenged remarks by the prosecutor were based upon facts in the record. In each instance, the prosecutor was merely summarizing the evidence presented, or drawing a reasonable inference from facts that clearly had been established during the trial. We further note that the trial court emphasized in its instructions to the jury that arguments of counsel are not evidence. Therefore, we conclude that none of the challenged remarks rises to the level of plain error. The third assignment of error is overruled.

In the fourth assignment of error, appellant contends that he was denied

his constitutional right to the effective assistance of counsel. The test in Ohio for determining if an accused was afforded the effective assistance of trial counsel is whether, under all the circumstances, appellant had a fair trial and substantial justice was done. *State v. Hester* (1976), 45 Ohio St. 2d 71, 74 O.O. 2d 156, 341 N.E. 2d 304, paragraph four of the syllabus. In view of counsel's failure to raise the errors discussed in assignments of error one and two, and in view of our conclusion that these errors resulted in substantial prejudice to appellant's right to a fair trial, we are constrained to hold that the fourth assignment of error is welltaken.

The judgment of the trial court is reversed and the case is remanded for a new trial and other proceedings consistent with this decision and law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., BLACK and KLUSMEIER, JJ., concur.