OPINION
Appellant Melvin Reardon, Jr. appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, which found his son, Malachi, to be a dependent child per R.C. 2151.04(D)(2). The relevant facts leading to this appeal are as follows.
Appellant and Angela Reardon are the parents of Malachi Reardon, born on September 11, 1998.[1] Angela is also the mother of Curtis Yeager (d.o.b. August 5, 1993) and Caila Yeager (d.o.b. August 29, 1995), by a different father. On December 8, 2000, Appellee Tuscarawas County Department of Job and Family Services ("TCDJFS") filed a complaint alleging abuse, neglect, and dependency regarding Malachi, Curtis, and Caila. The complaint included allegations that appellant had engaged in sexual conduct and sexual contact with Curtis and Caila. Appellant and Angela entered denials to the complaint, and the matter was set for evidence. Pursuant to a motion filed by appellant, the trial court conducted a hearing on January 17, 2001, to determine the competency of Curtis and Caila to testify. Over the objection of appellant's counsel, neither appellant nor Angela Reardon were present during the competency hearing, which consisted of the trial judge's interview of the two children on the record, with all counsel in attendance. Following the interview with Curtis and Caila, the trial court found them to be competent to testify. Tr. at 61.
In the meantime, TCDJFS filed a motion, pursuant to R.C. 2151.35(G), to order that the testimony of Curtis and Caila be taken by videotape deposition, outside of the presence of appellant and Angela. After hearing arguments at the aforesaid January 17, 2001 hearing, the trial court granted the motion for deposition, directing that appellant and Angela would be permitted to observe same from an adjacent room via closed-circuit television, and would be available for immediate contact by their attorneys at any time during the deposition.
On February 7, 2001, an evidentiary hearing was conducted to adjudicate the TCDJFS complaint. As part of its case, TCDJFS entered the videotape depositions into evidence, over appellant's counsel's objection. On March 12, 2001, the trial court issued a judgment entry finding Curtis and Caila to be abused, neglected and dependent, and finding Malachi to be dependent. By agreement of the parties, disposition was rendered as follows: Curtis and Caila were ordered to remain in the temporary legal custody of their father, Perry Yeager, while Malachi was ordered to remain in the temporary legal custody of Fred and Becky Romine, all under protective supervision of TCDJFS.
Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE JUVENILE COURT DENIED APPELLANT DUE PROCESS OF LAW IN PERMITTING TESTIMONY WITHOUT CONFRONTATION BY THE TWO ALLEGED CHILD VICTIMS.
 II. THE JUVENILE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THAT THE DEPOSITION MADE BY THE CHILDREN SHOULD BE ADMITTED INTO EVIDENCE.
 III. THE JUVENILE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DETERMINING THAT THE ALLEGED CHILD VICTIMS WERE COMPETENT TO TESTIFY.
 I
In his First Assignment of Error, appellant contends he was denied his constitutional right to the confrontation of witnesses by reason of the court's allowance of the Curtis and Caila deposition. We disagree.
R.C. 2151.35(G) reads as follows:
 If a child is alleged to be an abused child, the court may order that the testimony of the child be taken by deposition. On motion of the prosecuting attorney, guardian ad litem, or any party, or in its own discretion, the court may order that the deposition be videotaped. Any deposition taken under this division shall be taken with a judge or referee present.
 If a deposition taken under this division is intended to be offered as evidence at the hearing, it shall be filed with the court. Part or all of the deposition is admissible in evidence if counsel for all parties had an opportunity and similar motive at the time of the taking of the deposition to develop the testimony by direct, cross, or redirect examination and the judge determines that there is reasonable cause to believe that if the child were to testify in person at the hearing, the child would experience emotional trauma as a result of participating at the hearing.
It is well-established that enactments of the Ohio General Assembly are presumed to be constitutional. State v. Sinito (1975), 43 Ohio St.2d 98,101. Our review of the record in the case sub judice reveals no indication that either the court or TCDJFS failed to follow the dictates of R.C. 2151.35(G) in arranging the use of the deposition of Curtis and Caila. Moreover, the Sixth Amendment right to confrontation of witnesses is only applicable in criminal proceedings, not civil trials or non-criminal adjudications. See, e.g., In re Burchfield (1988),51 Ohio App.3d 148, 154. Thus, several Ohio courts have held that the Confrontation Clause does not apply in abuse, neglect and dependency proceedings in juvenile court. See, In the Matter of Jones (Dec. 14, 1998), Auglaize App. No. 2-98-16, unreported; In re Henderson (Nov. 28, 1997), Lake App. No. 96-L-068, unreported; In re Pieper Children (1991),74 Ohio App.3d 714, 725-726.
The trial court did not deny appellant due process of law in permitting the videotaped deposition of Curtis and Caila. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in admitting into evidence the videotaped deposition of Curtis and Caila. We disagree.
The trial court specifically found "* * * there is reasonable cause to believe that serious emotional trauma would result to these children should they be forced to provide live testimony at trial in the presence of Melvin and Angela Reardon." Judgment Entry, March 12, 2001, at 1.
Appellant first argues that the trial court failed to apply the proper legal standard per R.C. 2151.35(G), i.e., whether the children would experience emotional trauma from "participating at the hearing," as opposed to confronting appellant and Angela. We note the sections in Revised Code Chapter 2151 are to be liberally interpreted and construed so as to effectuate the provision of the care, protection, and mental and physical development of children subject to said chapter (see R.C.2151.01(A)), while also providing judicial procedures "* * * in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced." See R.C. 2151.01(D). In that light, we find the appellant's argument regarding the cited terminology to be a distinction without a difference.
Appellant secondly argues that trial court abused its discretion in admitting the videotape depositions of the children into evidence. The admission or exclusion of evidence rests within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. Our task in reviewing the admissibility of evidence is to look at the totality of the circumstances, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in its decision to allow the evidence at issue. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported, at 2. On February 7, 2001, prior to the presentation of the case-in-chief, the trial court conducted a hearing regarding the admission of the videotapes. Jennifer Benline, a case manager with the counseling agency working with the children, and Carrie Stevanus, a therapist for the same counseling agency, both testified at that time regarding the children's observed agitation and negative behaviors, some of which appeared to be connected with visitation with the Reardons and/or upcoming court proceedings. As we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230.
The trial court did not err in admitting into evidence the videotaped deposition of Curtis and Caila. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant argues that the trial court erred in finding Curtis and Caila competent to testify. We disagree.
Under Evid.R. 601(A), every person is competent to be a witness except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truthfully. Statev. Kinney (1987), 35 Ohio App.3d 84, 85-86. A trial court's decision that a child witness is competent to testify must be approached by a reviewing court with great deference. State v. Frazier (1991),61 Ohio St.3d 247. Therefore, we will not disturb the trial court's ruling unless we find said ruling to be an abuse of discretion; i.e., unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 157. The determination of whether a young child is competent to testify requires the trial court to consider the child's intellectual ability to accurately recount events, the child's understanding of truth and falsehood, and the child's appreciation of the need to be truthful.Frazier, supra.
The trial court's judgment entry regarding the children's competency reads as follows in pertinent part:
 In the presence of counsel and the Guardian ad Litem, the Court conducted an extensive separate voir dire of each of these children. Counsel was permitted to provide the Court with written questions that were also asked of the children. Topics discussed with these children included school, family, favorite books and TV programs, court procedures, and the importance of telling the truth. Both children were unafraid and talked freely with the Court. Both are extremely bight (sic) and could be easily focused. Neither child appeared to be intimidated concerning the prospect of testifying at trial and possessed a strong sense of the need to be truthful. Both children understood the Court's need for the truth and understood the potential wrong decision the Court could make with untruthful information. Questions concerning past events revealed that these children possess sufficient recall to provide the Court with reliable information.
Judgment Entry, January 22, 2001, at 1-2.
Appellant essentially argues that the trial court's interview of Curtis and Caila revealed such issues as difficulty in doing simple arithmetic, recollecting immediate facts, such as their meals earlier in the day, and the family relationships between the parties to the action. Appellant also contends that the children were confused as to their oath in court and the importance of telling the truth.
A review of the transcript reveals that the Curtis was able to recount the identity of family members, as well as facts about his school and teachers. He communicated regarding where he lived, and was aware of his age and birthday. Moreover, Curtis indicated he would not fabricate answers and reiterated to the court the inappropriateness of telling lies. Caila was able to indicate her age, grade, school and teacher, as well as where she lived and who lived with her. She stated she was aware that a person was not supposed to lie, and specifically noted that there were consequences to lying.
Pursuant to the Ohio Supreme Court's guidance in Frazier, we are unable to conclude that the trial court abused its discretion in finding Curtis and Caila competent to testify. Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant and Angela are also the parents of Mariah, born on September 6, 1999, who is the subject of another case in the trial court.