JOURNAL ENTRY AND OPINION
On January 18, 2001, defendant-appellant Herbert Jackson ("defendant") was indicted by the Cuyahoga County Grand Jury for felonious assault[1] and extortion.[2] The case proceeded to jury trial wherein the jury returned a verdict of guilty of felonious assault and not guilty of extortion. On May 23, 2001, the court sentenced the defendant to imprisonment for a term of three years. It is from this ruling that the defendant appeals. For the reasons that follow, we affirm.
The victim, Maurice Armstrong (Armstrong), testified at trial that on October 16, 2000, he arrived home and found the defendant waiting for him at his door. (TR. 163-164.) The two men entered Armstrong's home and an argument began regarding money Armstrong owed to the defendant in exchange for drugs. Armstrong testified that during the argument the defendant struck him with a two-by-four piece of wood, breaking Armstrong's arm. (TR. 165-166.) Armstrong testified that he was familiar with the defendant who regularly used Armstrong's home as a place to use and sell drugs. (TR. 177-179.) Armstrong testified that he is a diagnosed schizophrenic and has a legal guardian. (TR. 169-170.)
The defendant's first assignment of error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER MAURICE ARMSTRONG, A SCHIZOPHRENIC WITH A LEGAL GUARDIAN, WAS COMPETENT TO TESTIFY.
In this assignment of error, the defendant argues that Armstrong was not competent to testify under Evid.R. 601 and the factors set forth in State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483. The defendant asserts that Armstrong was of unsound mind and that, based on State v. Kinney (1987), 35 Ohio App.3d 84, the court was required to determine whether he was competent to testify. The defendant argues that Armstrong was incompetent based on his testimony that he was a diagnosed schizophrenic and had a legal guardian. The defendant contends that, since Armstrong had a legal guardian, he must have been previously determined to be incompetent by another court because R.C. 2111.02
authorizes a court to appoint a guardian only for those who are incompetent. The defendant asserts that the court erred when it failed to determine whether Armstrong was competent to testify. We disagree.
State v. Frazier, supra, is distinguishable from the instant case. In Frazier, the Ohio Supreme Court outlined the factors a trial court must consider in determining whether a child under ten is competent to testify, not adults with mental illness. There is no evidence that Armstrong is under the age of 10. State v. Kinney, supra, is also distinguishable as, unlike the witness in Kinney, Armstrong's competence as a witness was not called into question prior to his testimony. There is no evidence here that Armstrong's mental illness was discussed prior to his taking the witness stand and no objection to his competency was made during direct or cross-examination.
Evid.R. 601(A) provides as follows:
 Every person is competent to be a witness except:
 (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The determination that a witness is competent to testify is within the sound discretion of the trial court and, absent a showing of an abuse of discretion, a reviewing court will not disturb the trial court's ruling. State v. Wildman (1945), 145 Ohio St. 379, 386,61 N.E.2d 790; State v. Frazier, at 251; State v. Hogan, (June 8, 1995) Cuyahoga App. No. 66956, unreported.
As defense counsel did not request a competency hearing or make any objection regarding Armstrong's competency, the defendant has waived all but plain error on appeal.
 It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.
State v. Childs (1968), 14 Ohio St.2d 56, 236 N.E.2d 545, paragraph three of the syllabus.
 Pursuant to Crim.R. 52(B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Long, supra, 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Maryland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899.
State v. Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643, 658.
In State v. Gates (Mar. 15, 2001), Cuyahoga App. No. 75229, unreported, this court previously addressed the issue of whether a trial court is required to hold a competency hearing prior to permitting a complaining witness with mental illness to testify. In Gates, we stated as follows:
 The long-standing rule in Ohio is that the trial judge is in the best position to view and hear a witness and to determine the witness's understanding of the events in question and the witness's understanding of the nature of an oath. The court has wide discretion in reaching that determination. See State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus; Wildman, 145 Ohio St. 379, 61 N.E.2d 790, paragraph three of the syllabus. If [the trial judge] permits a person of unsound mind to testify, his action in so doing is not a ground for reversal at the behest of the aggrieved party, unless there is an abuse of discretion. Wildman at 386.
Gates, at 10-11.
The Ohio Supreme Court held in State v. Wildman, supra, as follows:
 A person who is able to correctly state matters which have come within his perception, with respect to the issues involved, and appreciates and understands the nature and obligation of an oath is a competent witness, notwithstanding some unsoundness of mind.
Wildman, paragraph three of the syllabus.
It is prima facie evidence of unsoundness of mind if a person has been found to be insane or is an inmate of an insane asylum.Wildman at 384. This places the burden upon the party offering the testimony to prove that the witness is competent to testify. Id. Although Armstrong testified that he suffered from schizophrenia, there is no evidence that Armstrong was legally insane nor was he an inmate of an insane asylum. In fact, Armstrong was living and working on his own and apparently not required to take medication for his mental illness. Without prima facie evidence of incompetence, there is a presumption of competence, and the State did not have the burden of proving Armstrong's competency prior to his giving testimony. See Gates at 12.
There is no evidence that Armstrong was unable to correctly state matters which came within his perception regarding the issues involved. Nor is there evidence that he did not appreciate and understand the nature and obligation of his oath. The fact that Armstrong suffered from a mental illness is not conclusive evidence that he was incompetent to testify. "Persons suffering from emotional or psychological illness are not automatically rendered incompetent to testify." Gates at 13. SeeState v. Cotton (1996), 113 Ohio App.3d 125, 128, 680 N.E.2d 657.
Furthermore, the alleged appointment of a legal guardian for Armstrong, would not automatically render him incompetent to testify.[3] In State v. Bradley (1989), 42 Ohio St.3d 136, 140,538 N.E.2d 373, 378, the Ohio Supreme Court stated as follows:
 Appellant claims the judge erred in not waiting for the records of Patterson's incompetence to arrive because a declaration of incompetence is prima facie evidence of unsoundness of mind and the burden falls to the party offering the witness to show competence. We disagree. Showing the witness to be of unsound mind does not automatically render him incompetent to testify.
Although it appears from Armstrong's testimony that he was unable to remember some facts concerning his guardian and physician, he consistently identified the defendant as the person who struck him and broke his arm. (TR. 165-166, 174, 175, 176, 181, 198, 202-201.) Armstrong testified that he did not contact the police immediately because he was afraid of the defendant. (TR. 171.) When the pain in his arm did not subside, he went to the hospital for an examination where it was determined that his arm was fractured. (TR. 173.) Armstrong testified that he permitted the defendant to use his home to use and sell drugs because he was afraid of the defendant and because the defendant threatened to inform the police that the drugs were Armstrong's. (TR. 179-180.)
Cleveland Police Officer Daniel Fuentes and Detective Anthony Small also testified that Armstrong identified the defendant as the person who assaulted him. (TR. 208-209, 242, 255.)
We find that, under these circumstances, the trial court was not obligated to determine whether Armstrong was competent to testify and that it was the jury's duty to examine the evidence and weigh the credibility of the witnesses. "Further, should the trial judge err on the side of permitting the witness to testify, no harm results, as the jury holds a powerful corrective in their right to pass upon the credibility of the witness." Gates, at 10-11. See Wildman at 387, citing State v.Scanlan (1874), 58 Mo. 204, 205. We find no plain error.
The defendant's first assignment of error is overruled.
The defendant's second assignment of error is as follows:
 THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERM OF IMPRISONMENT WITHOUT MAKING THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(B) WHERE APPELLANT WAS A FIRST OFFENDER.
R.C. 2929.14(B) provides as follows:
 Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 325,715 N.E.2d 131, 133, the Ohio Supreme Court held "R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender."
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
Edmonson, syllabus.
R.C. 2929.14 provides:
 (A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
* * *
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
The trial court did not sentence the defendant to the minimum prison term and instead imposed a term of three years for the felonious assault, a second-degree felony. Therefore, as the defendant had not served a prior prison term, the trial court was required to make the findings set forth in R.C. 2929.14(B). A review of the transcript reveals that the trial court stated:
 You have a history of alcohol, drug abuse pattern related to the offense and you are taking advantage of a guy who is of limited intelligence and means and wherewithal because of his psychological condition to resist.
* * *
 Now, the Court will give you a sentence commensurate with the crime. The purpose of the sentence is to punish you for a serious crime, protect the public from future crime from you and others, and to deter you in the future and help you with your rehabilitation while protecting the safety of the community.
 You have no prior record, so the high end is not in the eligibility range for you. The middle range isn't appropriate, I don't believe, because you have no prior record of any significance, anyhow. I think we can accomplish the deterrent necessary with a three-year sentence. * * * (TR. 16-17.)
We have previously held that it is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the court made the required findings. SeeState v. Williams (Feb. 7, 2002), Cuyahoga App. No. 79273, unreported;State v. Hollander (2001), 144 Ohio App.3d 565; 760 N.E.2d 929, citingState v. Futrell (Nov. 10, 1999) Cuyahoga App. Nos. 75033, 75034, 75035, unreported; State v. Assad (June 11, 1998) Cuyahoga App. No. 72648, unreported. The trial court's sentence clearly demonstrates that it found both of the statutory reasons for imposing a term in excess of the minimum.
We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker (Jan. 19, 1999) Clermont App. No. CA 98-04-025, unreported; State v. Garcia (1998), 126 Ohio App.3d 485,710 N.E.2d 783; State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported. We find that the sentence imposed is supported by the record and not contrary to law. The defendant's second assignment of error is not well-taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] R.C. 2903.11.
[2] R.C. 2905.11.
[3] In the absence of documentary evidence that Armstrong was previously determined to be incompetent and that a legal guardian had been appointed, his testimony standing alone is insufficient to conclude Armstrong had a legal guardian as this term is used in R.C. 2111.02.