OPINION
Appellant Melvin C. Reardon, Jr. appeals his convictions for rape, gross sexual imposition, and sexual battery in the Court of Common Pleas, Tuscarawas County. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
Appellant was the step-father of the child victims in this case who were born in 1993 and 1995, respectively. On October 24, 2000, appellant was indicted by the Tuscarawas County Grand Jury on eight counts of rape, four counts of gross sexual imposition, and two counts of sexual battery, based on allegations that appellant had engaged in sexual conduct and sexual contact with the boy victim and the girl victim in the time period between October 12, 1998, and July 31, 2000. Appellant pled not guilty and requested a jury trial. Pursuant to a motion filed by appellant, the trial court conducted an in camera hearing on February 12, 2001, to determine the competency of the boy victim and the girl victim to testify. Appellant was not present during the competency hearing, which consisted of the trial judge's interview of the two children on the record, with all counsel in attendance. Based upon the interview with the boy victim and the girl victim, the trial court found them to be competent to testify.
The trial commenced on August 7, 2001. On August 10, 2001, the jury found appellant guilty of four counts of rape, with two of said counts including force specifications, four counts of gross sexual imposition, and two counts of sexual battery. Appellant was sentenced to two consecutive life sentences, plus an additional five years. In addition, appellant was found to be a sexual predator.
Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING THE TWO MINOR VICTIMS TO TESTIFY AS WITNESSES.
 II. THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF THE OFFENSES HE WAS CONVICTED OF AND HIS CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THERE WAS INSUFFICIENT EVIDENCE TO DETERMINE THAT THE APPELLANT SHOULD BE DESIGNATED AS A SEXUAL PREDATOR.
 I
In his First Assignment of Error, appellant argues that the trial court erred in finding the boy victim and the girl victim competent to testify. We disagree.
Under Evid.R. 601(A), every person is competent to be a witness except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truthfully. Statev. Kinney (1987), 35 Ohio App.3d 84, 85-86. A trial court's decision that a child witness is competent to testify must be approached by a reviewing court with great deference. State v. Frazier (1991), 61 Ohio St.3d 247. Therefore, we will not disturb the trial court's ruling unless we find said ruling to be an abuse of discretion; i.e., unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v.Adams (1980), 62 Ohio St.2d 151, 157. The determination of whether a young child is competent to testify requires the trial court to consider the child's intellectual ability to accurately recount events, the child's understanding of truth and falsehood, and the child's appreciation of the need to be truthful. Frazier, supra.
Turning to the transcript of the trial court's in camera competency hearing,[1] we note the girl victim recalled, inter alia, her age and birthday, as well as her school and teacher's name. She identified the names of her father and his girlfriend, with whom she resided. She indicated at length that she was familiar with what a lie is, knew the importance of telling the truth, and promised to tell the truth during trial. She revealed, absent any prompting, that one of her classmates was in detention. Upon inquiry by the judge, she answered that kicking another person, which turned out to be the cause of her classmate's detention, was a "bad thing." Tr., February 12, 2001, at 6. She revealed that her favorite activity at school was playing outside, and that she and one of her close friends were in a "boy kisser" club, which had started as a "two year old club" but was now for five-year-olds. Tr. at 10. She was able to recount her breakfast and lunch that day, and asked the judge, in curiosity about the wooden courtroom table and the origin of its glossy surface, "[c]an you put plastic on it?" Tr. at 12. She further identified the number of persons in the courtroom, after initially miscounting. Appellant emphasizes the girl victim's initial identification of a movie she had seen about dinosaurs as a "real story." However, she expressed that dinosaurs couldn't really speak like they did in the movie, and then indicated that it was "made up." Tr. at 9.
The boy victim, the girl victim's brother, was also able to identify his age and birthday, the name of his school and his teacher, and recounted his activities for the day to the court. He knew the difference between the truth and a lie, and assured the judge he would tell the truth if he were to appear in court. He knew the names of his immediate family members, and correctly identified his present "mom" and his "real mom". Tr. at 25. He discussed some of his school subjects and articulated some recent sledding activities conducted with a friend. Appellant cites certain facets of the boy victim's colloquy, such as his insistence that at recess that day, he had gone without a coat, despite the judge's concern that it was only 24 degrees Fahrenheit outside. Appellant also notes the boy victim's belief that the Pokemon cartoon character was real, that TV wrestling was real, his statement that he did not know he could get into trouble if he lied in a courtroom, and his difficulty telling time. Tr. at 35.
"While Frazier requires that the trial judge determine whether a child can perceive, recollect, and truthfully relate events, a general inquiry is sufficient for the court to make that determination." State v.Rayburn (April 24, 2000), Clinton App. No. CA99-03-005, unreported, citing State v. McNeill (1998), 83 Ohio St.3d 438, 443. Based on the relevant record before us, and pursuant to the Ohio Supreme Court's guidance in Frazier, we are unable to conclude that the trial court abused its discretion in finding the boy victim and the girl victim competent to testify. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends that his convictions were against the sufficiency and manifest weight of the evidence. We disagree.
In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 273.
After reciting the language of the relevant criminal statutes in this matter, appellant in essence argues that since the testimony of the boy victim and the girl victim "contained glaring inconsistencies and omissions," and none of the other witnesses actually saw appellant commit sexual abuse, the evidence is insufficient for the various convictions. Appellant's Brief 15-16. However, we are inclined to read appellant's arguments as a manifest weight challenge, which we will analyze below. We herein find upon our review of the record and testimony in a light most favorable to the prosecution, reasonable jurors could have found the elements of rape, gross sexual imposition, and sexual battery beyond a reasonable doubt.
We thus turn to appellant's contention that his convictions are against the manifest weight of the evidence. Our standard of review is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Statev. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins
(1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
The following witnesses were heard at trial: the children's maternal grandmother; an aunt; Chris Douglass, a sergeant with the Tuscarawas County Sheriffs Department; the boy victim and the girl victim; Donna Abbott, a nurse; and Dr. Robyn Tener, a psychologist. The grandmother testified that she first became aware of the problem on July 31, 2000, when the boy victim advised her that appellant had given him a "butt massage." The grandmother thereupon inquired of the girl victim, who said that appellant had "got on top of her and put his thing being between my legs and it hurt real bad." She also recalled the girl victim advising her that she had bled afterwards and that appellant had thrown away her underwear. The grandmother further recalled and confirmed that appellant had engaged in repeated contact with the boy victim and the girl victim during the time stated in the indictment.
The aunt testified that the girl victim came to her in October 2000 and began crying because she was scared of appellant. The girl victim at the time stated to her that he "put his thing in her pee wee" and hurt her "real bad." The girl victim also told the aunt that appellant "put his tongue there too." The aunt also obtained information from the boy victim that appellant had made him "suck his dink." The aunt also confirmed the time frame listed in the indictment.
The boy victim testified that appellant had touched his "dink", and that this had occurred at least a dozen times. The boy victim testified that appellant sucked on his "dink" and that it sometimes hurt because of appellant biting. The boy victim also testified that appellant had forced him to perform oral sex on appellant. He recalled seeing cream-colored "shiny stuff" come out of appellant's penis. The boy victim also testified that appellant had touched his "butt hole" with his "dink," and that he had used lotion. Appellant directed the boy victim not to tell anyone about these incidents.
The girl victim testified that appellant had touched her "pee wee" with his finger on more than one occasion. She recalled that appellant had put his "dink" in her "pee wee" and that it hurt. During direct examination, the girl victim began indicating that she forgot other instances of sexual conduct and contact. The trial court permitted the prosecutor to read portions of a transcript of her previous testimony in the related dependency/abuse case from the Tuscarawas County Juvenile Court. After hearing her prior testimony, the girl victim was able to recall that appellant had put his tongue inside her "pee wee." She also recalled appellant touching her "butt hole" with his tongue. She recalled that these events occurred in appellant's room while she resided at her grandmother's residence.
Donna Abbott, a pediatric nurse at Akron Children's Hospital, testified that she concluded the boy victim and the girl victim were the victims of sexual abuse. Sergeant Douglass was called to corroborate the children's testimony concerning the appellant's room, and its furniture and contents.
Appellant emphasizes alleged weaknesses in the testimony of the boy victim and the girl victim, such as the girl victim's inability to articulate exactly how appellant had been able to touch her vagina, and her initial lack of recollection as to whether anyone had put anything in her vagina. Appellant also points out that the boy victim's recollection of the color of the couch in appellant's basement was different than the colors described by both the girl victim and Sergeant Douglass. The boy victim also gave some testimony inconsistent with his prior testimony during the aforementioned abuse action in juvenile court, regarding whether the girl victim had observed appellant's activities with him, and whether the boy victim had observed appellant abusing the girl victim. Appellant also reiterates that some of the girl victim's testimony had to be refreshed from the juvenile court transcript.
We have reviewed the record in the case of sub judice and are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. The implicit credibility conclusions of the jurors are not a sufficient basis for now claiming they effectively lost their way under the circumstances of this case. The jury's verdict was not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant maintains the trial court erred when it classified him a sexual predator because the finding is not supported by the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review both Assignments of Error together under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus. R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In classifying appellant a sexual predator, the trial court considered the above factors. The court found in its thorough sentencing entry,inter alia, that appellant had previously been convicted as a juvenile of theft, as well as contributing to the delinquency of a minor, with the latter offense involving a sexual offense against a young boy. Appellant was also found to have several criminal offenses on his record as an adult, including aggravated menacing, assault, and assault on a corrections officer, as well as "numerous" traffic offenses including driving under suspension and eluding an officer. Appellant had also been previously charged with rape, and entered a plea of guilty in that case on an amended indictment of two counts of gross sexual imposition against a five-year-old female victim. The court noted that appellant was twenty-six years old, while the victims in the case sub judice were between ages five to seven and three to five, respectively. Additionally, the court found that appellant threatened his victims and used his status as a step-parent to intimidate them. The court concluded that the nature of appellant's actions demonstrated a pattern of abuse. Judgment Entry, August 10, 2001, at 6-8.
Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: WISE, P.J., EDWARDS, J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant's brief additionally reviews the trial testimony of the boy victim and the girl victim in support of this Assignment of Error. However, since the trial court's decision regarding competency took place prior to trial, we limit our review at this point to what was provided at the competency hearing only.