OPINION *Page 2 
{¶ 1} Defendant-appellant Chester A. Blayney appeals his conviction in the Perry County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 13, 2006, Appellant was indicted on four counts of rape, four counts of sexual battery and four counts of gross sexual imposition. The alleged victim is Appellant's daughter.
 {¶ 3} On May 15, 2006Appellant's appointed counsel filed a request for a bill of particulars. On July 12, 2006, Appellant filed a motion to dismiss the indictment for vagueness. The trial court overruled the motion, via Judgment Entry, on August 1, 2006.
 {¶ 4} Appellant then filed a motion to take the deposition of the victim, a motion for admissibility of certain evidence, a motion for DNA testing, and a motion for continuance of the trial. A hearing was held on the motion for admissibility of evidence on October 11, 2006. At said hearing, the victim, Appellant's daughter, testified. On October 13, 2006, the trial court denied the various motions filed by Appellant.
 {¶ 5} The matter proceeded to trial on October 24, 2006, and Appellant was subsequently found guilty on all counts. On November 29, 2006, the trial court sentenced Appellant to twenty years in prison.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. INDICTMENT THAT CHARGES THAT AN OFFENSE OCCURRED FOUR TIMES WITHIN A 3-YEAR, EIGHT-MONTH TIME PERIOD OR FOUR TIMES WITHIN A 5-YEAR, 4-MONTH PERIOD IS VOID FOR VAGUENESS. *Page 3 
 {¶ 8} "II. THE VICTIM'S SEXUAL HISTORY SHOULD BE ADMISSIBLE TO SHOW THAT THE DEFENDANT, HER FATHER, WAS ATTEMPTING TO DISCIPLINE HER FOR HAVING SEXUAL RELATIONS WITH OLDER MEN, AND THE COURT'S REFUSAL TO ALLOW SUCH HISTORY IS AN ABUSE OF DISCRETION.
 {¶ 9} "III. IT IS ERROR TO DENY THE DEFENSE DNA TESTING OF SEMEN GATHERED IN A CONDOM PROVIDED BY THE VICTIM THAT MIGHT SHOW THAT SHE WAS ENGAGED IN SEXUAL CONDUCT WITH ADULTS WHO WOULD BE GUILTY OF FELONIES OR THAT SHE WAS NOT TELLING THE TRUTH WHEN SHE SAID SHE HAD NOT HAD SEX WITH THEM.
 {¶ 10} "IV. THERE IS NOT SUBSTANTIAL EVIDENCE ON THE RECORD AS A WHOLE TO SUSTAIN THE BURDEN OF GUILTY BEYOND A REASONABLE DOUBT."
 I. {¶ 11} In the first assignment of error, Appellant argues the trial court erred in denying his motion to dismiss the indictment for vagueness. Appellant cites the charges contained in the indictment alleging an offense occurred four times within a three year, eight month time period or four times within a five year, four month period. Appellant argues on appeal the victim was unable to give exact dates as to when the incidents occurred.
 {¶ 12} Impreciseness and inexactitude of the temporal evidence at trial is not "per se impermissible or necessarily fatal to a prosecution." State v. Robinette (Feb. 27, 1987), 5th
Dist. No. CA-652. The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend himself. *Page 4 Sellards, supra; State v. Gingell (1982), 7 Ohio App.3d 364, 368,455 N.E.2d 1066, 1071; State v. Kinney (1987), 35 Ohio App.3d 84,519 N.E.2d 1386.
 {¶ 13} Further, in Robinette, supra, this court stated: "[w]e note that these particular cases often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time. State v.Humfleet (Sept. 9, 1985), Clermont App. No. CA84-04-031, unreported, at 15. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. An allowance for reasonableness and inexactitude must be made for such cases considering the circumstances."
 {¶ 14} An indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy.
 {¶ 15} The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances. Valentine v. Konteh, 395 F.3d 626, 631 (C.A.6 2005). *Page 5 
Criminal charges must give a defendant adequate notice of the charges in order to enable him to mount a defense. Id.
 {¶ 16} Upon review of the record, Appellant's daughter testified she was continually and regularly sexually assaulted by Appellant from the time she was nine years old. Where, as here, the victim was a minor at the time of the abuse, she and Appellant resided together during the entire period and there were multiple instances of abuse, an allowance for inexactitude must be made.
 {¶ 17} Accordingly, the first assignment of error is overruled.
 II, III {¶ 18} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 19} Appellant argues the trial court abused its discretion in not admitting the victim's sexual history with older men and his attempt to discipline her for the same in order to demonstrate motive.
 {¶ 20} Initially, we note the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find a ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 21} R.C. 2907.02(D)(E) codifies Ohio's "rape shield" law. The statute renders inadmissible prior sexual conduct of a victim or a defendant and states, in relevant part: *Page 6 
 {¶ 22} "(D) Evidence of specific instances of the victim's sexualactivity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin ofsemen, pregnancy, or disease, or the victim's past sexual activity withthe offender, and only to the extent that the court finds that theevidence is material to a fact at issue in the case and that itsinflammatory or prejudicial nature does not outweigh its probativevalue." (Emphasis added.)
 {¶ 23} As cited above, the statute renders inadmissible prior sexual conduct of a victim unless it involves "evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender," and only to "the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." See, State v. Graber 2003-Ohio-137, supra.
 {¶ 24} Appellant argues the alleged victim's sexual history should be admissible to show appellant was attempting to discipline her for having sexual relations with older men. However, upon review of the record and the statute set forth above, the trial court did not abuse its discretion in ruling inadmissible the victim's prior sexual history as the evidence did not fall within the Rape Shield evidence exception set forth above, and the same would have been more inflammatory or prejudicial than probative. Appellant offers the evidence solely to impeach the victim's credibility. At the trial in this matter, the victim was questioned with regard to her prior male friends, and Appellant's feelings with regard to them. The record demonstrates the victim had a sexual history with only two of the friends, one being her current boyfriend, who were not adults at the time of *Page 7 
their liaison. We conclude, the trial court did not err in excluding other evidence of the victim's prior sexual history.
 {¶ 25} Further, Appellant argues the trial court abused its discretion in denying Appellant the opportunity to test DNA of semen allegedly gathered from a condom used by the victim while engaged in sexual conduct with another adult.
 {¶ 26} Again, the evidence is not admissible pursuant to Ohio's Rape Shield law, as it would not have been an abuse of discretion for the trial court to determine its probative value was substantially outweighed by the risk of prejudice.
 {¶ 27} The second and third assignments of error are overruled.
 IV. {¶ 28} In the fourth assignment of error, Appellant argues there is insufficient evidence to sustain his conviction or his conviction is against the manifest weight of the evidence.
 {¶ 29} Upon review, the evidence presented at trial established from the time the victim was nine or ten years old, the Appellant repeatedly sexually assaulted her. The sexual assaults involved him inserting his fingers in her vagina, him having her perform oral sex on him and him fondling her breasts. The evidence was not challenged; rather, Appellant merely cross-examined the victim as to potential motives for making up the sexual assaults.
 {¶ 30} Based upon the above, Appellant's fourth assignment of error is overruled. *Page 8 
 {¶ 31} Appellant's conviction in the Perry County Court of Common Pleas is affirmed.
 Hoffman, P.J., Wise, J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Perry County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1