[Cite as *State v. Elkins*, 2011-Ohio-3611.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-104 |
| TIMOTHY ELKINS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal appeal from the Licking County
                                Court of Common Pleas, Case No. 2010-
                                CR-00093

JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         July 21, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH OSWALT                        ERIC W. BREHM
Licking County Prosecutor             BREHM & ASSOCIATES
20 S. 2nd St., 4th Fl.                604 E. Rich St., Ste. 2100
Newark, OH 43055                      Colummbus, OH 43215

*Gwin, P.J.*

{¶1} Defendant-appellant Timothy Elkins appeals his convictions and sentences from the Licking County Court of Common Pleas for one count of Rape of a minor less than ten years old, a felony of the first degree in violation of R.C. 2907.02(A)(1)(b) and two counts of Gross Sexual Imposition felonies of the third degree in violation of R.C. 2907.05(A)(4). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 26, 2010, a Licking County grand jury indicted appellant on two (2) counts of rape and two (2) counts of gross sexual imposition (GSI).

{¶3} The first count was alleged to have occurred during C.E.B.'s kindergarten year which spanned, roughly, from August 15, 2008 to August 15, 2009, and was alleged to have taken place at the first of two apartments which her maternal grandmother, Marjorie Elkins, lived in located at 106D Andover Road, Heath, Ohio. C.E.B. testified that on one occasion while she had been sleeping, her "Uncle Timmy" (appellant) had licked her privates.[1]

{¶4} The second count was alleged to have occurred during the approximate time frame of November 1, 2009 to January 20, 2010. By this time C.E.B.'s grandmother had moved to a trailer in Buckeye Lake, Ohio, and appellant had moved to the State of Indiana. However, during the period of time appellant returned to his mother's trailer in Buckeye Lake on at least two occasions: once near Christmas; and then again for several days near his mother's birthday weekend, January 14-20, 2010, which was also Martin Luther King Day weekend. As with the earlier episode, C.E.B. alleged that appellant licked her "in the wrong place", which she identified as her vagina.

---

[1] The jury was unable to agree on a verdict on this Count of the Indictment.

**{¶5}** Counts Three and Four of the indictment allege acts of Gross Sexual Imposition for acts committed against appellant's *de facto* step-niece, B.S. These two counts involve a single temporal event where appellant was alleged to have touched B.S. on her breast (Count Three), and in her genital region (Count Four). This event is alleged to have occurred during March 1, 2008 to November 1, 2008.

**{¶6}** Prior to trial appellant filed a motion pursuant Evid.R. 601 requesting that the trial court conduct a voir dire examination of C.E.B. to determine her competency to testify.[2] The court conducted the examination and permitted counsel to participate in the questioning of C.E.B. At the conclusion of that evaluation, the trial court found that she was competent to testify and she did testify before the jury during appellant's trial.

**{¶7}** The State called seven witnesses during appellant's three-day trial. Appellant chose not to take the stand in his own defense; however, the defense did call his mother, Marjorie Elkins to testify on his behalf.

**{¶8}** When the trial concluded on August 26, 2010, the jury found appellant guilty of Rape as set forth in Count 2 of the Indictment and two counts of Gross Sexual Imposition as set forth in Counts Three and Four. The jury could not agree on a verdict on Rape as set forth in Count One of the Indictment.

**{¶9}** The trial court sentenced appellant to fifteen (15) years to life on the rape, and five (5) years on each of the GSI counts; the five year terms were to run concurrently with each other, but consecutive to the rape sentence, for an aggregate sentence of twenty (20) years to life in prison. The trial court also imposed five years of mandatory post-release control, and classified appellant as a Tier III sex offender.

---

[2] C.E.B. was born April 13, 2003. (Comp. May 6, 2010 at 11; 15).

{¶10} Appellant has timely appealed, raising the following two assignments of error:

{¶11} "I. THE TRIAL COURT DID ERR BY FINDING C.E.B. COMPETENT TO TESTIFY.

{¶12} "II. THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶13} In his first assignment of error, appellant contends that the trial court committed plain error in finding C.E.B. competent to testify at trial. Specifically appellant's argument centers upon three contentions, to wit: that during administration of the oath at the competency hearing, C.E.B. was unable to spell her last name or provide her current address; during cross-examination by the defense, C.E.B. agreed that she would say a bad thing about a person, if C.E.B.'s mother instructed her to say a bad thing; and C.E.B. experienced difficulty articulating time measurement; she was unaware how many seasons are in a year, and she was unable to name the days of the week.

{¶14} Evidence Rule 601 states:

{¶15} "Every person is competent to be a witness except:

{¶16} "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." See, also R.C. 2317.01.

{¶17} The Ohio Supreme Court has set forth the following factors for a competency determination pursuant to Evid. R. 601(A):

{¶18} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier* (1991), 61 Ohio St. 3d 247, 251.  The trial court must find, then, that the child witness: (1). has the ability to recall the alleged acts of abuse; (2). has the ability to communicate those facts; and (3). understands his responsibility to be truthful.

{¶19} A court conducting a voir dire to determine competency is not chained to a ritualistic formula to ask specific questions. However, it must satisfy itself of the elements enumerated in *Frazier. State v. Swartsell,* Butler App. No. CA2002-06-151, 2003-Ohio-4450 at ¶ 13. As long as a witness understands the oath, or has the mental capacity sufficient to receive just impressions of the facts and transactions relating to what he or she is being questioned upon, then he or she is competent to testify at trial. *State v. Bradley* (1989), 42 Ohio St.3d 136, 140-141, 538 N.E.2d 373. See, also, *State v. Wildman* (1945), 145 Ohio St. 379, 61 N.E.2d 790, paragraph three of the syllabus.

{¶20} "A child may be competent to testify even though the child * * * initially does not recognize the concept of truth, so long as the voir dire continues on to demonstrate that the child * * * generally * * * understands the concept of truthfulness."

*State v. Brooks* (Oct. 26, 2001), 2nd Dist. No. 18502, quoting *State v. Boyd* (Oct. 31, 1997), 2d Dist. No. 97 CA 1.

{¶21} A trial court's decision that a presumed incompetent witness is competent to testify must be approached by a reviewing court with great deference because the trial judge has the opportunity to observe the person's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. See *Frazier,* 61 Ohio St. 3d 247, 251, 574 N.E. 2d 483; *State v. Lewis* (1982), 4 Ohio App.3d 275, 277, 448 N.E.2d 489, 490. See also, *State v. Uhler* (1992), 80 Ohio App.3d 113, 118, citing *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph one of the syllabus. See, also, *State v. Wilson* (1952), 156 Ohio St. 525; *Banez v. Banez,* Stark App. No.2006CA00216, 2007-Ohio-4584 at ¶ 20.

{¶22} In the case at bar, appellant argues that the trial court should have found C.E.B. not competent to testify because C.E.B.'s inability to measure time illustrates her inability to accurately communicate what she observed, and further C.E.B.'s admission that she would say bad things, if her mother instructed her to, shows that she did not appreciate her responsibility to be truthful.

{¶23} We find instructive the case law that has developed concerning the failure to provide exact dates upon which a sexual assault is alleged to have occurred. In those cases, courts have found specificity as to the time and date of an offense is not required in an indictment. Under R.C. 2941.03: "an indictment or information is sufficient if it can be understood therefrom: * * *   (E) That the offense was committed at some time prior to the time of filing of the indictment * * *."    An indictment is not invalid for failing to state the time of an alleged offense or doing so imperfectly. The State is not required to

prove that an offense occurred on any specific date, but rather may prove that the offense occurred on a date reasonably near that charged in the indictment. *State v. Adams*, 5th Dist. No. 02-CA-00043, 2002-Ohio-5953 at ¶8.

{¶24} Impreciseness and inexactitude of the temporal evidence at trial is not "per se impermissible or necessarily fatal to a prosecution." *State v. Robinette* (Feb. 27, 1987), 5th Dist. No. CA-652. The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend him. *Sellards,* supra; *State v. Gingell* (1982), 7 Ohio App.3d 364, 368, 455 N.E.2d 1066, 1071; *State v. Kinney* (1987), 35 Ohio App.3d 84, 519 N.E.2d 1386. Appellant has not argued or alleged that the inexactitude prejudiced his ability to defend himself at trial.

{¶25} Grafted upon the question of prejudice is a problem that cases of child abuse invariably present, i.e., a victim-witness who, due to tender years, does not have the temporal memory of an adult and has problems remembering exact times. As this court has noted: "[t]ime is neither essential nor an element of the crime of sexual battery." *State v. Robinette* (Feb. 27, 1987), 5th Dist. No. CA-652.

{¶26} In *Robinette* this court stated: "[w]e note that these particular cases often make it more difficult to ascertain specific dates. The victims are young children who may reasonably be unable to remember exact times and dates of psychologically traumatic sexual abuses. This is especially true where the crimes involve several instances of abuse spread out over an extended period of time. *State v. Humfleet* (Sept. 9, 1985), Clermont App. No. CA84-04-031, unreported, at 15. The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. An allowance

for reasonableness and inexactitude must be made for such cases considering the circumstances."

{¶27} In *State v. Sellards* (1985), 17 Ohio St.3d 169, 478 N.E.2d 781, the Supreme Court gave two examples of when the failure to provide specific dates and times could be prejudicial to the accused. The court first noted that if the age of the victim were an element of the crime with which the accused had been charged and the victim bordered on the age required to make the conduct criminal, then the failure to provide a more specific time frame would be prejudicial. This is true because "specific dates of sexual conduct might well have become critical to the accused's ability to prepare a defense, since sexual conduct toward one thirteen years of age or older would not constitute the offense of rape as defined in the charged section of the criminal code, R.C. 2907.02(A)(3)." *Sellards*, supra, 17 Ohio St.3d at 172, 478 N.E.2d at 785. The second situation is where "the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment. Again, under such circumstances, the inability of the state to produce a greater degree of specificity would unquestionably prejudice the defense." Id. The *Sellards* court noted: "the record in this case does not indicate that the failure to provide the accused with a specific date was a material detriment to the preparation of his defense. In this regard, we note that while appellee claims on appeal that the inexactitude of the indictment and bill of particulars as to date denied him the ability to present an alibi defense, appellee never filed a notice of intent to rely on an alibi as is required by Crim.R. 12.1. (Cf. *State v. Dingus* [1970], 26 Ohio App.2d 131, 137, 269 N.E.2d 923 [55 O.O.2d 280]; *Gingell,* supra, at 368, 455 N.E.2d 1066.)" Id.

**{¶28}** In the case at bar, C.E.B.'s age did not border on the age required to make the conduct criminal. She was under ten years old at the time of the sexual assaults and also at the time of appellant's trial. As the case law illustrates, the fact that an immature mind cannot relate time with the exactitude of an adult is not dispositive of the child's ability to know the importance of telling the truth.  In the case at bar, the trial court found that C.E.B. was aware of her ability to be truthful and was capable of relating her experiences. After a thorough review of the record we find nothing to demonstrate that the trial court abused its discretion by so finding.

**{¶29}** Finally, although C.E.B. admitted that she would say bad things, if her mother instructed her to, there was never any evidence presented to suggest that her mother had instructed her to say "bad things" about appellant. In any event, it was not shown that C.E.B. would "lie" about a person if her mother told her too. In other words, saying "bad things" are not the same thing as "telling lies" about a person or lying in the courtroom.

**{¶30}** We have reviewed the entire voir dire and trial testimony of C.E.B. After our review of these sections, we find no abuse of discretion in the trial court's determination C.E.B. was competent to testify at trial.

**{¶31}** Appellant's First Assignment of Error is overruled.

II.

**{¶32}** In his Second Assignment of Error appellant argues that his convictions on the rape charge and the two gross sexual imposition charges were against the manifest weight of the evidence and not based upon sufficient evidence. We disagree.

**{¶33}** Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, *State v. Jenks* (1991), 61 Ohio St. 3d 259, 574 N.E.2d 492, superseded by State constitutional amendment on other grounds as stated in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668..

**{¶34}** The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.

**{¶35}** Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, *State v. Thompkins* (1997), 78 Ohio St. 3d 387, 678 N.E.2d 541, 1997-Ohio-52, superseded by constitutional amendment on other grounds as stated by *State v. Smith,* 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its

way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins*, supra, 78 Ohio St.3d at 387, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

{¶36} In *Thompkins*, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus; *State v. Miller* (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶38, 775 N.E.2d 498

{¶37} In this assignment of error, appellant argues that the evidence in this case was deficient because the state did not produce any physical evidence of sexual abuse, on either C.E.B. or B.S.; failed to produce a qualified expert on child abuse, to testify that C.E.B.'s and B.S.' experiences and behaviors were consistent with the experiences and behaviors of sexually abused children; and neither C.E.B. nor B.S. could testify with specificity as to when the alleged abuse occurred.

{¶38} "Sexual conduct" is defined as "vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

{¶39} When the prosecutor asked C.E.B. testified that appellant had licked her in the area she identified as her vagina.

{¶40} Corroboration of victim testimony in rape cases is not required. See *State v. Sklenar* (1991), 71 Ohio App.3d 444, 447, 594 N.E.2d 88; *State v. Banks* (1991), 71 Ohio App.3d 214, 220, 593 N.E.2d 346; *State v. Lewis* (1990), 70 Ohio App.3d 624, 638, 591 N.E.2d 854; *State v. Gingell* (1982), 7 Ohio App.3d 364, 365, 7 OBR 464, 455 N.E.2d 1066." *State v. Johnson,* 112 Ohio St .3d 210, 217, 2006-Ohio-6404 at ¶ 53, 858 N.E.2d 1144, 1158. See also, *State v. Basham,* Muskingum App. No. CT2007-0010, 2007-Ohio-6995.

{¶41} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had sexual conduct with C.E.B. and further that he committed the crime of rape. We hold, therefore, that the state met its burden of production regarding each element of the crime of rape and, accordingly, there was sufficient evidence to support appellant's conviction for rape.

{¶42} Appellant was further convicted of two counts of gross sexual imposition.

{¶43} Gross Sexual Imposition prohibits "sexual contact" when the offender knows the other person is less than thirteen years of age. "Sexual Contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person". R.C. 2907.01. Accordingly, touching the "erogenous zone" is what is prohibited.

{¶44} In the case at bar, B.S. testified at appellant's jury trial. B.S. was born on July 8, 1999. B.S. testified that appellant touched her "privates" and "chest" one night during the summer of 2008. B.S. alleged that appellant asked her not to tell.

{¶45} In the case at bar, the jury heard testimony from Laura Romans. Ms. Romans performs personal safety presentations for children in Fairfield County Schools. On January 28, 2010, Romans gave presentations to C.E.B.'s and B.S.' elementary school.

{¶46} Angela Harrison the principal of C.E.B.'s and B.S.' elementary school also testified. Ms. Harrison testified that on January 29, 2010, C.E.B. and B.S. alleged to Harrison that they had been sexually abused.

{¶47} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' " *State v. Jenks* (1991), 61 Ohio St. 3d 259, 272, 574 N.E. 2d 492 at paragraph one of the syllabus. "'Circumstantial evidence and direct evidence inherently possess the same probative value [.]'" *Jenks,* 61 Ohio St .3d at paragraph one of the syllabus.

**{¶48}** Furthermore, "'[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." ' *Jenks,* 61 Ohio St. 3d at 272, 574 N.E. 2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott* (1990), 1 Ohio St.3d 160, 168, 555 N.E.2d 293, citing *Hurt v. Charles J. Rogers Transp. Co.* (1955), 164 Ohio St. 329, 331, 130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293, citing *Hurt,* 164 Ohio St. at 331, 130 N.E.2d 820.

**{¶49}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant committed the two Gross Sexual Imposition offenses. We hold, therefore, that the state met its burden of production regarding each element of each of the crimes of gross sexual imposition and, accordingly, there was sufficient evidence to support appellant's conviction for each count of gross sexual imposition.

**{¶50}** Although appellant cross-examined the victims and the other state witnesses regarding inconsistencies in, and the vagueness of, their testimony and further argued that no forensic or expert evidence supported the allegations, the jury was free to accept or reject any and all of the evidence offered by the appellant and assess the witness' credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

{¶51} Finally, as we noted in our disposition of appellant's First Assignment of Error, impreciseness and inexactitude of the temporal evidence at trial is not "per se impermissible or necessarily fatal to a prosecution." *State v. Robinette* (Feb. 27, 1987), 5th Dist. No. CA-652. The question in such cases is whether the inexactitude of temporal information truly prejudices the accused's ability fairly to defend him. *Sellards,* supra; *State v. Gingell* (1982), 7 Ohio App.3d 364, 368, 455 N.E.2d 1066, 1071; *State v. Kinney* (1987), 35 Ohio App.3d 84, 519 N.E.2d 1386. Appellant has not argued or alleged that the inexactitude prejudiced his ability to defend himself at trial.

{¶52} We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest injustice to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant had committed the crimes of Gross Sexual Imposition.

{¶53} Accordingly, appellant's convictions for gross sexual imposition are not against the manifest weight of the evidence.

{¶54} For the forgoing reasons, appellant's Second Assignment of Error is overruled.

{¶55} The judgment of the Court of Common Pleas, Licking County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0707

[Cite as *State v. Elkins*, 2011-Ohio-3611.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TIMOTHY ELKINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-104 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Licking County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS